Filed 6/27/14  County of Riverside v. Nature's Relief Group CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

COUNTY OF RIVERSIDE,

    Plaintiff and Appellant,

v.

NATURE'S RELIEF GROUP et al.,

    Defendants and Respondents.

E056673

(Super.Ct.No. RIC1201836)

O P I N I O N

APPEAL from the Superior Court of Riverside County.  John W. Vineyard, Judge. Reversed.

Pamela J. Walls, County Counsel, Patti F. Smith, Deputy County Counsel; Best Best & Krieger, Jeffrey V. Dunn, and Lee Ann Meyer for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

### I.  INTRODUCTION

In this action, plaintiff, County of Riverside (County), moved for a preliminary injunction to enjoin the operation of certain medical marijuana dispensaries in

1

unincorporated areas of Riverside County. The motion was based primarily upon County ordinances prohibiting such facilities, declaring them a nuisance, and making them subject to injunction and abatement. The trial court, after noting that the legality of similar ordinances was an issue pending before the state Supreme Court, denied the County's motion.

After the County appealed, the California Supreme Court decided *City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.* (2013) 56 Cal.4th 729 (*Inland Empire*), which upheld the City of Riverside's prohibition on medical marijuana dispensaries. In light of this decision, the trial court's ruling in this case must be reversed.

## II. FACTUAL AND PROCEDURAL SUMMARY

In February 2012, the County filed a verified complaint alleging two causes of action for "Public Nuisance" and a third for "Controlled Substances Abatement." According to the complaint, certain defendants operated a "marijuana distribution facility" within unincorporated areas of the County. Other defendants own, lease, occupy, maintain or possess property on which a marijuana distribution facility operates.[1] Each defendant is associated with one of three such facilities identified in the complaint. One is in Lake Elsinore, one in Murrieta, and one in Thousand Palms.

---

[1] Some named defendants were dismissed by the County. We will use the term "defendants" to refer to the remaining defendants. They are: Nature's Relief Group, Tyler Guffy, Mario Alberto Hernandez, Justin Ash, Travis Beamer, Portola Company LLC, Lori Ann Delgagnon, Robert Delgagnon, Mosa Collective, Inc., Mike Calvert, and Bruce Hutchinson.

The County alleges that the marijuana distribution facilities are used for "unlawfully selling, serving, storing, keeping, manufacturing, or giving away controlled substances, in violation of local, state, and federal law." The "local" law includes certain land use ordinances in the Riverside County Code (RCC). The violation of the specified laws allegedly constitutes a public nuisance subject to abatement. The County sought, among other remedies, a preliminary injunction and permanent injunction to close the marijuana distribution facilities and to enjoin defendants from using or allowing anyone to use property located within unincorporated areas of the County as a marijuana distribution facility.

On the same day the complaint was filed, the County filed a motion for "a preliminary injunction enjoining and prohibiting Defendants from possessing, cultivating, or distributing marijuana from [certain] properties . . . or otherwise using any property within the unincorporated areas of the County as a medical marijuana cooperative, collective, dispensary, operator, establishment, or provider or from conducting, allowing, permitting, inhabiting, leasing, renting, or otherwise using or granting authority to use any property within the unincorporated areas of the County in such a manner."

The County argued, in essence, that the RCC specifically prohibited medical marijuana dispensaries, and the operation of the illegal facilities constituted a nuisance per se subject to abatement by preliminary injunction. The County relied in part on section 17.12.040 of the RCC, which provides: "In no event . . . shall a medical marijuana dispensary . . . be . . . permitted or conditionally permitted use in any zone

3

classification. A medical marijuana dispensary is prohibited in all zone classifications and no permit of any type shall be issued therefor."[2] Other sections of the RCC provide that any violation of a county land use ordinance is declared a public nuisance and subject to abatement in a civil action. (RCC, §§ 1.16.120, 1.16.110.) The motion was supported by declarations establishing that each of the subject facilities was operating as a marijuana dispensary in violation of RCC section 17.12.040.

Some of the defendants opposed the motion; other defendants were dismissed without prejudice. The oppositions were based primarily on arguments that local laws banning medical marijuana dispensaries have been preempted by state law; specifically, by the Compassionate Use Act of 1996 (CUA) (Health & Saf. Code, § 11362.5)[3] and the Medical Marijuana Program (MMP) (§ 11362.7 et seq.). The opponents pointed out that

---

[2] A "[m]edical marijuana dispensary" is defined in section 17.12.050 of the RCC as: "[A]ny facility or location, whether fixed or mobile, where medical marijuana is made available to, distributed to, or distributed by, one or more of the following: a primary caregiver, a qualified patient, or a patient with an identification card as those terms are defined in Health and Safety Code Section 11362.5 et seq. A 'medical marijuana dispensary' shall not include the following uses, provided that such uses comply with this chapter and all other applicable laws, including, but not limited to, Health and Safety Code Section 11362.5 et seq., a clinic licensed pursuant to Chapter 1 of Division 2 of the Health and Safety Code, a health facility licensed pursuant to Chapter 2 of Division 2 of the Health and Safety Code, a residential care facility for persons with chronic life-threatening illness licensed pursuant to Chapter 3.01 of Division 2 of the Health and Safety Code, a residential care facility for the elderly licensed pursuant to Chapter 3.2 of Division 2 of the Health and Safety Code, a residential hospice or a home health agency licensed pursuant to Chapter 8 of Division 2 of the Health and Safety Code."

[3] All further statutory references are to the Health and Safety Code unless otherwise indicated.

4

the preemption issue was pending before the California Supreme Court and, therefore, there was "much doubt as to the likelihood of the [C]ounty succeeding on the merits."

At the hearing on the motion, the court noted the fact that the Supreme Court had granted review of appellate court decisions addressing the issue whether the state medical marijuana laws preempted local laws banning marijuana dispensaries. In indicating its tentative ruling, the court stated that, in light of the pending review by the Supreme Court, "I don't know how I can make a finding that anybody has the likelihood of prevailing on the merits; and if I can't make that finding, I can't grant a preliminary injunction . . . ." Following argument, the court took the matter under submission.

In a written ruling issued after the hearing, the court denied the motion for a preliminary injunction. The court stated that the County "has the burden of establishing, among the other requirements for a preliminary injunction, that it has a substantial likelihood of prevailing on the merits in the underlying action. The court then discussed the CUA and the MMP, and emphasized section 11362.775. This statute, enacted as part of the MMP, provides: "Qualified patients, persons with valid identification cards, and the designated primary caregivers of qualified patients and persons with identification cards, who associate within the State of California in order collectively or cooperatively to cultivate marijuana for medical purposes, shall not solely on the basis of that fact be subject to state criminal sanctions under Section 11357, 11358, 11359, 11360, 11366, 11366.5, or 11570." The court pointedly referred to the last of the cited statutes, section 11570, which declares that every building or place used for the purpose of unlawfully

5

selling, serving, or giving away any controlled substances is a nuisance subject to being enjoined and abated.

Based on these statutes, the court reasoned: "If a defendant is operating within the scope of activities permitted by the CUA or [MMP], and, therefore, in compliance with state law, such conduct cannot constitute a nuisance *per se*." The problem with the County's ordinances, the court explained, was that they "prohibit the operation of a medical marijuana dispensary under all circumstances, whether in compliance with state law or not." The court then concluded that the County, which had argued the matter based on a theory of nuisance per se, made no effort to satisfy its burden of "showing that the defendants' activities are not in compliance with the CUA and [MMP]."

The County appealed the court's ruling on July 6, 2012. Three days later it filed in this court a petition for writ of mandate, prohibition, or other appropriate relief, which was assigned our case No. E056628. We have taken judicial notice of the record in that case.

In September 2012, we issued the following order in case No. E056628: "We consider the appeal to be an adequate remedy when combined with an appropriate order providing for temporary relief. Accordingly, we treat the petition as one for supersedeas or stay pending appeal. As such, we grant the petition pursuant to our authority under Code of Civil Procedure section 923 and *People ex. rel. S.F. Bay etc. Com. v. Town of Emeryville* (1968) 69 Cal.2d 533, 539 to issue injunctive stay orders in aid of our appellate jurisdiction. We have fully considered the respective rights of the litigants in

6

the appeal and conclude that County of Riverside should be protected from an irreparable injury in the event it prevails on appeal. [Citation.] Pending the appeal, therefore, real parties in interest are prohibited from operating or otherwise using property in the unincorporated areas of Riverside County in violation of Riverside County Code sections 17.12.040-17.12.050."

The County filed its opening brief on appeal in December 2012. None of the respondents filed a brief.[4]

### III.  DISCUSSION

When the trial court issued its ruling in this case, the question whether CUA or the MMP preempted local laws prohibiting marijuana dispensaries was pending before the California Supreme Court. (See *City of Riverside v. Inland Empire Patient's Health and Wellness Center, Inc.* (2011) 200 Cal.App.4th 885, review granted Jan. 18, 2012, S198638; *City of Lake Forest v. Evergreen Holistic Collective* (2012) 203 Cal.App.4th 1413, review granted May 16, 2012, S201454.)  In May 2013, the court decided the issue in *Inland Empire, supra,* 56 Cal.4th 729.

In *Inland Empire*, the City of Riverside declared, by zoning ordinances, that operating a medical marijuana dispensary is a prohibited use of land within the city and may be abated as a public nuisance. (*Inland Empire, supra,* 56 Cal.4th at pp. 738, 740.)  Relying on these ordinances, the city sued the operators of a medical marijuana

---

[4]  Because no respondent's brief was filed, we will decide the appeal on the record, the County's opening brief, and any oral argument by the County. (Cal. Rules of Court, rule 8.220(a)(2).)

7

distribution facility and moved for a preliminary injunction against operation of the facility. The trial court granted the injunction, prohibiting defendants from using the subject property for "'any activities or operations related to the distribution of marijuana.'" (*Id.* at p. 741.) After this court affirmed that order, the Supreme Court granted review. (*Id.* at p. 742.)

The Supreme Court framed the issue as "whether California's medical marijuana statutes preempt a local ban on facilities that distribute medical marijuana." (*Inland Empire, supra,* 56 Cal.4th at p. 737.) The court held that "neither the CUA nor the MMP expressly or impliedly preempts the authority of California cities and counties, under their traditional land use and police powers, to allow, restrict, limit, or entirely exclude facilities that distribute medical marijuana, and to enforce such policies by nuisance actions." (*Id.* at p. 762.)

One aspect of *Inland Empire* is particularly apt in light of the trial court's reasoning in the present case. The *Inland Empire* court began: "[D]efendants urge that by exempting the collective or cooperative cultivation of medical marijuana by qualified patients and their designated caregivers from treatment as a nuisance under the *state's* drug abatement laws (§ 11362.775; see § 11570 et seq.), the MMP bars local jurisdictions from adopting and enforcing ordinances that treat these very same activities as nuisances subject to abatement." (*Inland Empire, supra,* 56 Cal.4th at p. 761.) The court rejected this argument, stating: "Nuisance law is not defined exclusively by what the *state* makes subject to, or exempt from, its own nuisance statutes. Unless exercised in clear conflict

8

with general law, a city's or county's inherent, constitutionally recognized power to determine the appropriate use of land within its borders (Cal. Const., art. XI, § 7) allows it to define nuisances for local purposes, and to seek abatement of such nuisances. [Citation.] [¶] No such conflict exists here. In section 11362.775, the MMP merely removes *state law* criminal and nuisance sanctions from the conduct described therein. By this means, the MMP has signaled that the *state* declines to regard the described acts as nuisances or criminal violations, and that the *state's* enforcement mechanisms will thus not be available against these acts. Accordingly, localities in California are left free to accommodate such conduct, if they choose, free of state interference. As we have explained, however, the MMP's limited provisions neither expressly or impliedly restrict or preempt the authority of individual local jurisdictions to choose otherwise for local reasons, and to prohibit collective or cooperative medical marijuana activities within their own borders. A local jurisdiction may do so by declaring such conduct on local land to be a nuisance, and by providing means for its abatement." (*Id.* at pp. 761-762, fn. omitted.)

It is clear from both its broadly-stated holding and its pointed rejection of the rationale relied upon by the trial court in the present case, that the court's denial of the County's motion for a preliminary injunction must be reversed. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 ["Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction"]; *Newman v. Emerson*

9

*Radio Corp.* (1989) 48 Cal.3d 973, 978 [judicial decisions are generally given retroactive effect].)

## IV.  DISPOSITION

The order denying the County's motion for a preliminary injunction is reversed. The trial court is directed to enter a new order granting the preliminary injunction.

The County shall recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
                                                                                    J.

We concur:

RICHLI
          Acting P. J.

CODRINGTON
          J.